ANDREW J. HALE v. MICHAEL SHEEHAN.

FILED JUNE 6, 1894.    No. 5499.

**Master and Servant:** SERVICES RENDERED AFTER EXPIRATION OF CONTRACT: EVIDENCE OF TERMS. After the expiration of a term of hiring, the law does not so strongly imply that thereafter continued services were rendered upon the terms fixed by the contract, the term of which had expired, that parol evidence of different terms is incompetent.

ERROR from the district court of Gage county. Tried below before APPELGET, J.

*A. Hardy,* for plaintiff in error.

*Rickards & Prout* and *George A. Murphy, contra.*

RYAN, C.

This action was brought by plaintiff for the possession of fifty bushels of potatoes, one hundred and seventy-four bushels of corn, and one hundred and sixteen shocks of corn fodder. There was a verdict for the defendant, in accordance with the findings of which judgment was rendered against the plaintiff for the sum of $118.70, the value of the property replevied. The potatoes were raised by the defendant on the farm of the plaintiff; the corn on a neighboring farm owned by Mr. Corithers; both were of the crop of 1890. The plaintiff predicated his right to the potatoes and corn upon the provisions of a written agreement made between the parties to this action. It was in the following language:

Hale v. Sheehan.

"GAGE COUNTY, NEB., August 29, 1887.

"This memorandum of agreement, made and entered into this 29th day of August, 1887, between A. J. Hale, of said county, party of the first part, and M. Sheehan, of said county, party of the second part, witnesseth : That the said party of the first has employed the said party of the second part and his son Willie to work for him on his farm, known as the 'Sicily Creek Farm,' for one year, four months, from the first day of November, 1887, for the sum of fifty dollars per month, and agrees to board all extra hands employed on said farm for the sum of ten dollars per month while working on said farm. Said Hale to furnish sulky plow for boy to use. Said Hale hereby agrees to pay said party of the first part the said sums hereinbefore specified for the times and purposes therein expressed. Said Hale also agrees to keep two cows and two calves for the said party of the second part, and to furnish feed for hogs sufficient for the meat for his own use. Said party of the second part is to keep his team on said farm as long as he wishes, free of charge, by using them the same as he does party's of the first part.

"A. J. HALE.

"M. SHEEHAN."

In brief, it is contended by plaintiff that under the terms of this contract the defendant was bound to devote his entire time to the service of the plaintiff, and that whatever was raised by defendant was for the use of, and necessarily belonged to, plaintiff; hence that replevin would lie for it. The employment of the defendant was, by the terms of this agreement, for a year and four months from November 1, 1887. This term expired March 1, 1889. If the defendant, without any further arrangement, continued in the employ of plaintiff after the date last named, a fair implication, in the absence of contravening evidence, would be that he did so on the terms fixed by the written contract. Many of the objections urged were to the introduction of

testimony showing that, after the term fixed by the written contract, modifications of its provisions were agreed to. This was not varying the terms of the writing. It was merely proving a contract made after the original contract by its own terms had fully terminated. The introduction of evidence to rebut a mere presumption which would arise because of the absence of express provisions tended in no way to impair the right to make proof of such provision.

It is argued that there was error in overruling plaintiff's objection to question No. 168 asked John Corithers by defendant, and in allowing such indefinite evidence to go to the jury. Question 168, the objection, and answer thereto were as follows:

Q. You may state if you know what corn fodder was worth last fall at the time of the seizure, per shock.

Objected to, unless confined to these shocks. Overruled. Exception.

Q. Do you know?

A. No, I don't really know what it was worth.

Fully impressed with the importance of this question and of the objection made, we have given the matter the consideration to which it is entitled, and have critically analyzed the answer elicited, but have been able to discover no error prejudicial to plaintiff.

By his fourth instruction, asked and refused, plaintiff sought to have the jury instructed that if the defendant or his son William took the ground to raise corn thereon, and that they, or either of them, with the use of plaintiff's team, tools, and hired help cultivated and raised said corn in the time they were to work for plaintiff under the contract introduced in evidence, the share that would go to the defendant was plaintiff's property, of which plaintiff was entitled to demand and enforce possession. This corn was raised on a neighboring farm, not on plaintiff's; and while plaintiff, in an action brought by defendant to recover his wages, might, by way of set-off, plead damages caused

by the misappropriation of time necessary to the production of this corn, or, if not sued, refuse to pay to that extent, he had no right to the corn itself, especially as against William, who never signed the contract, nor, so far as the evidence shows, was ever a party to it. This instruction was properly refused.

The other errors assigned relate to the giving of four instructions by the court. As these reflected the views above indicated as favorably to plaintiff as it was possible, consistently with the facts, to frame them, their examination in detail or in gross would subserve no useful purpose. The judgment of the district court is

AFFIRMED.